# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KELVIN C. THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19CV2312 HEA |
| | ) | |
| DARLENE HARRISON, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Kelvin C. Thompson for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a). Additionally, for the reasons discussed below, the Court must dismiss this action without prejudice for failure to state a claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a pro se litigant who has filed a civil action against defendant Darlene Harrison.[1] He claims that this Court's jurisdiction is derived from Title VI of the Civil Rights

---

[1] The Court notes that plaintiff has filed a total of thirteen cases in July and August of 2019, including the instant action. The cases are: *Thompson v. SS Administrative Office*, No. 4:19-cv-1922-SNLJ (E.D. Mo July 11, 2019.); *Thompson v. Social Security Administration*, No. 4:19-cv-2110-CDP (E.D. Mo. July 19, 2019); *Thompson v. Social Security Administration*, No. 4:19-cv-2115-CDP (E.D. Mo. July 22, 2019); *Thompson v. Federal Bureau of Investigation*, 4:19-cv-2134-SNLJ (E.D. Mo. July 23, 2019); *Thompson v. Creve Coeur Police Department*, 4:19-cv-2138-NCC (E.D. Mo. July 24, 2019); *Thompson v. St. Louis Metropolitan Police*, No. 4:19-cv-2139-SRC (E.D. Mo. July 24, 2019); *Thompson v. Eckles*, No. 4:19-cv-2145-AGF (E.D. Mo. July 25, 2019); *Thompson v. St. Louis Metropolitan Police Department*, No. 4:19-cv-2300-CDP (E.D. Mo. Aug. 5, 2019); *Thompson v. Marcantano*, No. 4:19-cv-2301-CAS (E.D. Mo. Aug. 5, 2019); *Thompson v. Normandy Police Department*, No. 4:19-cv-2307-SPM

Act of 1964; Title II of the Americans with Disabilities Act; 18 U.S.C. § 241; 18 U.S.C. § 242; 18 U.S.C. § 245; Title VIII of the Civil Rights Act; and the Civil Rights Act of 1866. (Docket No. 1 at 3).

Plaintiff states that defendant Harrison is a Social Security employee. In his Statement of Claim, he asserts that Harrison printed him an "emergency check" on June 7, 2019, at the Creve Coeur Social Security Office. (Docket No. 1 at 5). The amount of the check was for $999. The $554 balance that was owed to plaintiff was mailed on June 11 and received by him on June 12. Plaintiff states that the emergency check issued by Harrison covered his June 3, 2019 Social Security check, which had been missing.

Despite Harrison's assistance, plaintiff claims that he has had "numerous problems with harassment by employees and unfair treatment." He also alleges that Harrison called "Homeland Security to her office to harass and threaten" him. Due to this, he began going to a different Social Security Office, located at 11753 West Florissant.

Plaintiff went to this location on July 29, July 30, and August 7, 2019, to report problems with his check being mailed and processed. While there, he was advised by a manager that Harrison had done "something [fraudulent] and criminal in the Social Security system and rerouted" his checks to a "bogus account." He alleges that Harrison has "stolen or help[ed] to steal the last reprint of [his] check…for $1553." He accuses Harrison "and other SSA workers" of defrauding him of $3,000.

Plaintiff seeks $100,000 in actual damages and $1,000,000 in punitive damages "to deter Darlene Harrison and conspirators from future crimes of corruption, wire fraud, felony stealing and civil rights violations."

---

(E.D. Mo. Aug. 6, 2019); *Thompson v. Ferguson Police Department*, No. 4:19-cv-2308-NAB (E.D. Mo. Aug. 6, 2019); *Thompson v. Cool Valley Police Department*, No. 4:19-cv-2309-JMB (E.D. Mo. Aug. 6, 2019); and *Thompson v. Harrison*, 4:19-cv-2312-HEA (E.D. Mo. Aug. 7, 2019).

**Discussion**

Plaintiff's allegations against Social Security employee Darlene Harrison fail to state a claim and must be dismissed. As noted above, in order to state a claim, a plaintiff must demonstrate a plausible claim for relief. *Ashcroft*, 556 U.S. at 679. In reviewing a complaint, a court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the plaintiff. *Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). However, "the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). Moreover, plaintiff's pleading must do more than simply provide labels or recite the elements of a cause of action. *See Johnson v. Precythe*, 901 F.3d 973, 977 (8th Cir. 2018) (stating that a "pleading must offer more than labels and conclusions or a formulaic recitation of the elements of a cause of action to state a plausible claim for relief").

Here, plaintiff's Statement of Claim is comprised almost entirely of legal conclusions and bare recitations of the elements of a cause of action. He asserts that a manager and SSA worker at the Florissant office told him that defendant Harrison "did something [fraudulent] and criminal." However, this purported hearsay merely states a legal conclusion – that Harrison broke the law – without providing any supporting facts. He goes on to accuse Harrison of several crimes, including wire fraud, felony stealing, and conspiracy, again without any facts to support his proposition. The Court is required to accept factual allegations as true. However, the Court will not accept labels and conclusions that are presented as factual allegations. Furthermore, because it relies on vague and conclusory statements, plaintiff's complaint fails to give Harrison fair notice of what she is alleged to have actually done. *See Topchian v. JPMorgan Chase Bank,*

*N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that "[t]he essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved").

Plaintiff's complaint lists a number of statutes, presumably to establish this Court's jurisdiction. However, none of the statutes apply to the allegations, such as they are, that plaintiff outlines in the Statement of Claim. For example, there is no indication that plaintiff suffers from a disability or is a member of a protected class, such that the Americans with Disabilities Act or Title VI of the Civil Rights Act would apply. Likewise, Title VIII of the Civil Rights Act is inapplicable because there is no indication that this case involves housing discrimination. Further, the federal criminal statutes upon which he relies do not provide a private right of action. *See, e.g. U.S. v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) ("Courts have repeatedly held that there is no private right of action under [18 U.S.C.] § 241, even though the statute allows federal authorities to pursue criminal charges").

For the reasons set forth above, plaintiff's complaint fails to state a claim. Therefore, the Court must dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). The motion will be denied as moot as plaintiff's complaint is being dismissed for failure to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's complaint is dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 9th day of August, 2019.

*/s/ Henry Edward Autrey*
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE